UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **ANGELA STOUTE** | **CASE NO. 6:21-CV-03281** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SCHOOL BOARD ST. MARTIN PARISH, ET AL.** | **MAG. JUDGE CAROL B. WHITEHURST** |

## ORDER

Before the Court is a motion for a temporary restraining order, preliminary injunction, and expedited discovery filed by pro se Plaintiff, Angela Stoute. [ECF No. 2]. Pursuant to her motion, Plaintiff seeks an Order restraining and enjoining Defendants—the St. Martin Parish School Board, its ten school board members, and Superintendent Allen Blanchard, Jr.—from complying with, and requiring its employees and students to comply with, Governor John Bel Edwards' Proclamation Nos. 137 and 167, which mandate, subject to various exceptions, that all individuals ages five and older in the State of Louisiana wear face coverings when indoors at a place outside of their residence, due to the public health emergency caused by the COVID-19 pandemic.[1] Plaintiff's motion for a temporary restraining order is denied, because she has not clearly carried her burden of demonstrating that injunctive relief is appropriate and warranted.

"Injunctive relief is 'an extraordinary and drastic remedy,' and should only be granted when the movant has clearly carried the burden of persuasion." *Anderson v. Jackson*, 556 F.3d 351, 360 (5th Cir. 2009) (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997

---

[1] *See* Proclamation No. 137, available at https://gov.louisiana.gov/assets/Proclamations/2021/137-JBE-2021-StateofEmergencyOCR.pdf (last visited Sep. 13, 2021); *see also* Proclamation No. 167, available at https://gov.louisiana.gov/assets/Proclamations/2021/167JBE2021StateofEmergencyCOVIDSigned.pdf (last visited Sep. 13, 2021).

(5th Cir. 1985)). To obtain a temporary restraining order, the movant must demonstrate: "(1) a substantial likelihood of success on the merits, (2) irreparable injury if the injunction is not granted, (3) that the injury outweighs any harm to the other party, and (4) that granting the injunction will not disserve the public interest." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 529–30 (5th Cir. 2020). Further, where a movant seeks a temporary restraining order without written or oral notice to the adverse party, such relief is only available if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. Ex parte temporary restraining orders "are no doubt necessary in certain circumstances . . . but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cty.*, 415 U.S. 423, 439 (1974). However, "[i]f the currently existing status quo itself is causing one of the parties irreparable injury, it is necessary to alter the situation so as to prevent the injury . . . by, [inter alia,] returning to the last uncontested status quo between the parties." *Texas v. United States*, 515 F. Supp. 3d 627, 631 (S.D. Tex. 2021) (quoting *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974)).

Here, the Defendants' decision to comply with the Governor's Proclamations, and the Proclamations themselves, have taken effect.[2] Accordingly, Plaintiff contends that the current

---

[2] Proclamation No. 137 was in effect at the time the Superintendent advised the District's parents and employees that the District would comply with the Governor's mask mandate. It expired on September 1, 2021. Proclamation No. 167 went into effect on September 1, 2021 and is scheduled to expire on September 29, 2021. *See* note 1, *supra*.

status quo—*i.e.* implementation of the mask mandate—is causing her irreparable harm and seeks a return to the last uncontested status quo. *Texas*, 515 F.Supp.3d at 631. Plaintiff, however, has not met her burden on irreparable harm. Specifically, Plaintiff has not shown "that immediate and irreparable injury, loss or damage will result . . . before the adverse party can be heard in opposition." *Id.* Plaintiff contends that if she is required to comply with the mask mandate, she will suffer "irreparable harm including an overall *possible* simultaneous drop in oxygen saturation of the blood and increase in carbon dioxide, which contributes to an increased noradrenergic stress response, with heart rate increase and respiratory rate increase and, in some cases, a significant blood pressure increase." [ECF No. 2-1 at 4 (emphasis added) (quoting ECF No. 1-2 at 16)].[3] Thus, Plaintiff has not suffered any adverse health event from wearing a face covering, but rather, alleges only that an adverse health event is "possible." A possibility of a remote future injury will not satisfy Plaintiff's burden; rather, she must "demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7; 129 S.Ct. 365, 375–76 (2008) (preliminary injunctive relief will not issue simply to prevent the possibility of some remote future injury). Further, Plaintiff does not state whether she has sought an exemption from the requirement that she wear a face covering, as provided by both the St. Martin Parish School Board and the Governor's Proclamations.[4] Finally, Plaintiff's motion states that she will set forth

---

[3] Plaintiff's statement of the "possible" health effects she will suffer if required to wear a mask is taken from an affidavit submitted in connection with her Complaint. The affidavit purports to be from Stephen E. Petty, an engineer and the owner of a "consultancy corporation specializing in health and safety and forensics." [ECF No. 1-2 at 12]. The statement of the "possible" health effects in the affidavit allegedly is from an article published in The International Journal of Environmental Research and Public Health on April 20, 2021. *Id.* at 15. The affidavit appears to have been prepared in response to a mask mandate ordered by the "Mayfield City School District." *Id.* at 14. Plaintiff has additionally submitted an unsigned "addendum" to the foregoing affidavit, wherein the words "Mayfield City School District" are crossed out and replaced with "St. Martin Parish School Board." *Id.* at 1.

[4] *See* note 1, *supra* (providing for an exemption due to a "medical condition that prevents the wearing of a face covering"); *see also* https://www.saintmartinschools.org/family-resources/mask-mandate-

in her supporting memorandum her efforts to give Defendants notice of this motion and her reasons why notice should not be required. [ECF No. 2 at 2]. However, Plaintiff has failed to include the foregoing information in her memorandum. In light of these non-exclusive reasons, the Court finds Plaintiff has failed to carry her burden of persuasion and show that a temporary restraining order is appropriate.

Accordingly, IT IS ORDERED that Plaintiffs' motion for injunctive relief and expedited discovery is DENIED IN PART and DEFERRED IN PART. The motion is DENIED to the extent Plaintiff seeks a temporary restraining order; the motion is DEFERRED to the extent it seeks a preliminary injunction and expedited discovery.

IT IS FURTHER ORDERED that Plaintiff's motion for preliminary injunction and expedited discovery is REFERRED to the Magistrate Judge for Report and Recommendation.

THUS DONE in Chambers on this 14th day of September, 2021.

                                          ROBERT R. SUMMERHAYS
                                   UNITED STATES DISTRICT JUDGE

---

information#:~:text=In%20light%20of%20Governor%20John,and%20the%20forgoing%20statute%20La.&text=Martin%20Parish%20School%20Board%20will,school%20buildings%20and%20on%20buses (providing an exemption for "severe medical issues").